FILED

MAR 23 2016

Clerk, U.S District Court
District Of Montana
Missoula



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROLAND TIREY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 16-25-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

On February 18, 2016, Roland Tirey filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Tirey is a state prisoner proceeding pro se.

On March 3, 2016, Tirey was ordered to show cause as to why his petition should not be dismissed as time-barred. (Doc. 4). Tirey timely responded. (Doc.5). This matter is ready for adjudication.

I.    **Federal Statute of Limitations**

As explained in the Order to Show Cause, this Court has conducted its analysis in relation to Tirey's third claim stemming from his 2009 revocation, which is his most recent. Because AEDPA's one-year statute of limitations outlined in 28 U.S.C. § 2244(d)(1) applies to each claim in a habeas application on

1

an individual basis, see *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), Tirey's other claims, attacking his 1997 conviction and 2008 parole revocation, are even more untimely than his third claim.

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), Tirey's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Because he did not file a timely notice of appeal in state court, his conviction became final 60 days after the trial court's entry of the written amended judgment, that is, on Monday October 3, 2011. Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Tirey should have filed his federal petition on or before Wednesday, October 3, 2012. He filed in this Court on February 18, 2016, more than three years too late.

Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). But Tirey's state habeas petition was not filed until January 25, 2016, well after the federal time period had passed. Thus, it did not toll any time in his favor.

Tirey was directed to show cause why his petition should not be dismissed with prejudice as time-barred and was directed as to how he might make this

showing. (Doc. 4 at 8). Tirey responds that he has "newly discovered case law" which he contends provides adequate grounds to avoid dismissal. (Doc. 5 at 1-2).

Tirey contends that he had no knowledge of the case, *State v. Richardson*, 2000 MT 72, 299 Mont. 102, 997 P. 2d 786, prior to filing his present petition. (Doc. 5 at 1). There are two problems with Tirey relying upon this "newly discovered case law" as a basis to excuse his untimely filing. The first is that the state court record belies Tirey's assertion that the case is, in fact, newly discovered. In Tirey's opening brief appealing his 2009 revocation, *State v. Richardson* was referenced in two places. *See State v. Tirey*, No. DA 09-0522, Br. Appellant at 12, 13 (Mont. April 14, 2010). Likewise, in its response, the State also cited to *State v. Richardson*. *See State v. Tirey*, No. DA 09-0522, Br. Appellee at 17, 18, 36, 40 (Mont. June 14, 2010).

Tirey should have been aware of *Richardson* in 2010. Even if Tirey did recently "discover" this 2000 case, it does not serve to excuse his untimely filing or advance his contention that the trial court erroneously placed unlawful conditions of probation upon him. The Montana Supreme Court addressed the issue surrounding Tirey's modified conditions following revocation and found that the trial court did not err in incorporating additional probation conditions into Tirey's original sentence. Because the conditions were not punitive in nature and the overall new sentence was still less than that originally imposed, there was no

3

violation. *State v. Tirey*, 2010 MT 283A, ¶ 29, 358 Mont. 510, 516, 247 P.3d 701, 705, *as amended on reh'g* (Feb. 8, 2011). Further, it is not the role of this Court to question the Montana Supreme Court's interpretation of Montana law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

Tirey seems to believe that this "newly discovered case law" constitutes a sufficient basis for him to establish his actual innocence and allow him to present his time-barred claim to this Court via the gateway created by *Schlup v. Delo*, 513 U.S. 298 (1995). In order to pass through this gateway, Tirey must present evidence of innocence "so strong that a court cannot have confidence in the outcome of the [proceeding] unless the court is satisfied that the [proceeding] was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. Tirey has made no such showing. Aside from the *Richardson* case, which was presented to the Montana Supreme Court for consideration by both Tirey and the State following his revocation hearing, Tirey has presented no additional evidence of his actual innocence. He has not demonstrated cause to excuse his untimely filing.

## II. Conclusion

Tirey's claims are untimely, *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), and his failure to comply with the federal limitations period cannot be

4

excused. Tirey's petition should be dismissed as time-barred.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of the claims advanced by Tirey appear to make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because the petition is time-barred, no reasonable jurist would find his claims timely, and there is no basis to encourage further proceedings.

### RECOMMENDATION

1. Mr. Tirey's Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as

5

time-barred without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Tirey may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Tirey must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 23rd day of March, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

6